UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISLE OF CAPRI CASINOS, INC.<br>600 Emerson Road<br>Suite 300<br>St. Louis, MO 63141<br><br>　　　　　*Plaintiff*,<br>　v.<br><br>UNITED STATES DEPARTMENT OF THE<br>INTERIOR,<br>1849 C St., NW<br>Washington D.C. 20240<br><br>　　　　　*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

1.　　Defendant United States Department of the Interior ("DOI" or "the Department") is withholding without explanation and with significant delay agency records properly requested under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, which relate to a massive casino development planned by the Seminole Tribe in Coconut Creek, Florida. The specific documents at issue concern the Tribe's application to have forty-four acres of land taken into trust on its behalf. This action seeks to compel the production of these agency records improperly withheld by the Department.

### JURISDICTION AND VENUE

2.　　This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B).

3.　　Venue lies in this Court under 28 U.S.C. § 1391(e) because Defendant resides in this district.

## PARTIES

4. Plaintiff Isle of Capri Casinos, Inc. ("Isle of Capri") owns and operates Pompano Park Harness Racing Track in Pompano Beach, Florida and owns and operates casinos in other locations throughout the United States.

5. Defendant DOI is an agency in the executive branch of the United States. It has possession of, and control over, the records Isle of Capri seeks.

## THE FOIA REQUESTS

6. On February 6, 2007, counsel for Isle of Capri (Ropes & Gray, LLP) submitted a FOIA request to the Department of the Interior requesting all information relating to a request by the Seminole Tribe of Florida that the Department take lands in the state of Florida into trust on behalf of the Tribe. Identical copies of this request were submitted to the Department's FOIA officers in Washington, D.C. and Nashville, TN[1]. The request was amended a week later, on February 13, 2007, to expressly state that the FOIA request was made on behalf of the Isle of Capri Casinos, Inc.

7. On March 20, 2007, the FOIA Coordinator for the Department's Eastern Region, Donna Peterson, contacted Isle of Capri counsel to clarify the scope of the FOIA requests. In response, and in hopes of expediting action by the Department, a letter dated March 21, 2007 was sent that narrowed the scope of the February 6, 2007 request. On March 20, 2007 Ms. Peterson stated that she had gathered all of the relevant documents in response to Request One and that she would forward them as a "partial response." Fourteen weeks have elapsed since that statement. The Department has yet to release any documents in response to Request One.

---

[1] The request also was submitted to the Department's FOIA Officer in the Office of the Solicitor ("SOL") in Washington, D.C. The D.C. office forwarded the request to the Southeast Regional Office SOL. On May 30, 2007, John Harrington of the Southeast Regional Office mailed documents described in Request Four to Isle of Capri's counsel. As a result, this lawsuit raises no issue concerning SOL's response.

8.  In a letter dated February 15, 2007, the Director of the Department's District of Columbia Office of Indian Gaming Management ("OIGM") stated that the Department had determined that the requested records sought "may be" located at the Eastern Region Office in Nashville, TN and that his office was forwarding the request there.  In the telephone call on March 20, 2007, however, Ms. Peterson of the Nashville Office stated that documents in response to Request Five, concerning tribal gaming compacts, would likely be located in the District of Columbia office, not the Nashville Office.

9.  On March 22, 2007, Isle of Capri counsel contacted the D.C. OIGM by phone to inquire about responsive documents.  A representative of that office, Thomas Hartman, verified that such documents would likely be in the OIGM's Washington office.  Pursuant to the March 22, 2007 conversation, counsel sent a follow-up letter to Mr. Hartman's attention at OIGM repeating the initial FOIA Request Five, asking for:

> *all documents containing or concerning any communication between the Department and any third party concerning a compact authorizing the Tribe to conduct Class III gaming under 25 U.S.C. § 2710(d)(1)(C).*

10.  On April 5, 2007, counsel once again spoke with Mr. Hartman who stated that his office would evaluate the relevant documents and determine which documents were releasable.  Twelve weeks have elapsed since that conversation; no documents have been produced by the District of Columbia Office of Indian Gaming Management.

11.  Under 5 U.S.C. §§ 552(a)(6)(A)(i) the Department was required to grant or deny Isle of Capri's FOIA requests within twenty business days of its receipt by the agency.  Despite conversations with Isle of Capri counsel regarding the scope of the requests, by March 7, 2007 it

had made no substantive response to any of the requests, effectively denying the requests under 5 U.S.C. §§ 552(a)(6)(A)(i) and 552(a)(6)(C)(i).

## THE FOIA APPEAL

12. On May 30, 2007, Isle of Capri submitted an appeal regarding the Department's failure to respond to the February FOIA Requests to the Department's FOIA Appeals Officer. Under 5 U.S.C. § 552(a)(6)(A)(ii), the Department must make a determination with respect to an appeal within twenty business days.

13. The Department acknowledged receipt of the appeal, but made no determination regarding the appeal within the twenty business day deadline required by FOIA. Therefore, Plaintiff exhausted its remedies under 5 U.S.C. § 552(a)(6)(C) as of June 27, 2007.

## COUNT I

14. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1-14, inclusive, above.

15. Plaintiffs have a statutory right under FOIA to all of the records that they seek, and there is no legal basis for Defendant's refusal to disclose them to Plaintiffs.

**Wherefore**, Plaintiffs pray that this Court:

a. Declare that Defendant's refusal to disclose the records requested by Plaintiffs is unlawful;

b. Order Defendant to make all of the requested records available to Plaintiffs;

c. Award Plaintiffs their costs and reasonable attorney's fees in this action; and

d. Grant such other and further relief as the Court may deem just and proper.

Dated: June 28, 2007

Respectfully submitted,

*[signature]*

Peter M. Brody
D.C. Bar No. 398717
David O. Stewart
D.C. Bar No. 336339
ROPES & GRAY LLP
700 12th Street, N.W.
Suite 900
Washington, DC 20005
(202) 508-4600

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Isle of Capri Casinos, Inc.

## DEFENDANTS
Department of the Interior

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Peter M. Brody and David O. Stewart
Ropes & Gray LLP
700 12th St. NW, Suite 900
Washington, DC 20005
202-508-4600

ATTORNEYS (IF KNOWN)

United States Attorney's Office
555 4th St. NW
Washington, DC 20530

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ⦿ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)     OR     ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Freedom of Information Act, 5 U.S.C. Section 552. This action seeks to compel the production of agency records improperly withheld by the DOI.

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 06/28/07    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.